Vernon Frischholz and Catherine Frischholz v. Commissioner.
Frischholz v. Commissioner
Docket No. 43371.
United States Tax Court
T.C. Memo 1954-10; 1954 Tax Ct. Memo LEXIS 237; 13 T.C.M. (CCH) 379; T.C.M. (RIA) 54116; April 16, 1954, Filed *237 Thomas W. Hardesty, Esq., for the petitioners. Elmer A. Lyon, Esq., for the respondent. HARRON Memorandum Findings of Fact and Opinion HARRON, Judge: The Commissioner determined a deficiency in income tax of $25,876.27 for the year 1947, to which he added 50 per cent under section 293(b) of the Code, $12,938.14. In the absence of accounting records disclosing true income for 1947, the Commissioner computed net income upon the basis of increase in net worth during 1947 plus estimated living expenses, plus expenditures held to be not deductible. Vernon Frischholz is referred to hereinafter as the petitioner. The petitioner does not object to the use of the net worth method of computing income. He contends, however, that there are errors in the Commissioner's net worth statement. The Commissioner concedes that he fixed the amount of personal living expenses and Federal income tax payments for 1947 at excessive amounts. The correct amounts have been stipulated. The only issues are as follows: (1) Whether petitioner's cash on hand at the end of 1947 amounted to $6,500, as determined, or a smaller amount. (2) Whether petitioner's interest, at the end of 1947, in property *238 at 641 York Street, Newport, Kentucky, was the entire interest, as determined, or one-half. (3) Whether at the end of 1946, petitioner's interest in a partnership doing business as "El Rey Cafe" was a one-third interest, as determined, or a one-half interest. (4) Whether at the end of 1947 petitioner owed his son, Earl, $32,000. (5) Whether any part of the deficiency for 1947 is due to fraud with intent to evade tax under section 293(b). Findings of Fact Vernon and Catherine Frischholz are residents of Fort Thomas, Kentucky. They filed a joint return for 1947 with the collector for the district of Kentucky. Vernon Frischholz is referred to hereinafter as the petitioner; the issues relate to his income. Petitioner's accounting records for 1947 were inadequate to clearly reflect his true income. It was necessary for the Commissioner to compute his net income for 1947 by determining the increase in his net worth during 1947 and the amount of his personal expenditures. It has been stipulated that petitioner's estimated expenditures for living expenses during 1947 did not exceed $3,000; that his Federal income tax payments during 1947 amounted to $3,202.55; and that the expenditure *239 for Federal income tax is not deductible. The amount of petitioner's cash on hand at the end of 1947 did not exceed $2,000. At the end of 1946, the petitioner's interest in the El Rey Cafe partnership was one-third. At the end of 1947, petitioner owned the entire interest in the property at 641 York Street, Newport, Kentucky, the value of which was $8,000. At the end of 1947 petitioner was not indebted to his son, Earl, for the amount of $32,000. The increase in the net worth of the petitioner during 1947 was $36,706.43. Petitioner's correct taxable income for 1947 was $42,908.98. In his joint return for 1947, petitioner's net income was understated to the extent of $29,580.03. The revised net worth statement of the petitioner for the two years ended on December 31 of 1946 and 1947 which incorporates the findings of the Court upon the disputed items is incorporated herein by this reference. No part of the deficiency for 1947 is due to fraud with intent to evade tax. Opinion All of the questions presented are questions of fact. The findings upon the disputed items of assets for 1946 and 1947, and of a liability for 1947 are dispositive of the questions presented. *240 The respondent failed to sustain his burden of proving that part of the deficiency for 1947 was due to fraud with intent to evade tax. Decision will be entered under Rule 50.